COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
| MARIA PORTILLO, | | No. 08-08-00218-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| V. | | County Court at Law No. 1 |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC# 20070C09563) |
| | § | |
| | § | |

**O P I N I O N**

Maria Portillo was convicted of the offense of prostitution. She was sentenced to 180 days in the El Paso County jail and fined $2,000. On appeal, she raises a single issue arguing she was denied her constitutional right to effective assistance of counsel during the punishment phase of trial. Affirmed.

A jury convicted Appellant of engaging in the misdemeanor offense of prostitution. At punishment, the case was submitted to the jury on the evidence and arguments made during the guilt/innocence phase. Neither side offered additional evidence. The trial court instructed the jury, without objection, that the punishment authorized for the offense included a fine of up to $2,000, up to 180 days in jail, or a combination of a fine and imprisonment. The State gave a short closing statement, and defense counsel declined to argue. The jury assessed the maximum punishment provided in the court's instructions, and the trial court entered judgment on the verdict.

Appellant argues on appeal that she was denied effective assistance of counsel by defense counsel's failure to present a closing argument at the punishment phase, and by counsel's failure to argue for probation as an alternative punishment.

A claim of ineffective assistance of counsel consists of two components. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The appellant must establish both that his trial counsel performed deficiently, and that the deficiency caused him prejudicial harm. *Id*. When evaluating trial counsel's performance under the first prong, the reviewing court must not second-guess legitimate strategic or tactical decisions made in the midst of trial. *Id*. at 689, 104 S.Ct. at 2065. Instead a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance must be indulged. *Id*. Absent a record sufficient to demonstrate that counsel's conduct was not the product of a strategic or tactical decision, a reviewing court should presume that the attorney's performance was constitutionally adequate. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex.Crim.App. 2005). Unless the challenged conduct was "'so outrageous that no competent attorney would have engaged in it'" the constitutional standard is not offended. *Id*.

Any allegation of ineffectiveness must be firmly grounded in the record. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). It is the appellant's burden to demonstrate both deficient performance and prejudice, by a preponderance of the evidence. *See id*. at 813. The reviewing court must consider the totality of the representation and the particularities of each case in evaluating effectiveness. *Thompson*, 9 S.W.3d at 813.

We do not have the benefit of a motion for new trial in this case. Without such a record, Appellant cannot meet her burden to establish defense counsel's performance during punishment

was constitutionally deficient, nor that she was prejudiced by that deficiency. *See Rylander v. State*, 101 S.W.3d 107, 110 (Tex.Crim.App. 2003). Issue One is overruled.

Having overruled Appellant's sole issue presented for review, we affirm the trial court's judgment.

July 21, 2010
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)